## A FINE NOT COLLECTIBLE FROM ESTATE OF A DECEDENT.

Common Pleas Court of Clark County.

STATE OF OHIO, FOR THE USE OF CLARK COUNTY, v. HORACE C. KEIFER, ADMINISTRATOR.*

Decided, 1913.

*Fines—Action Against Administrator of the Offender for Recovery of an Unpaid Fine—Not a Debt Within the Administration Act— Estate Liable for Costs Assessed When Fine Was Imposed.*

1. Where a fine has been imposed by a court against a defendant on his conviction of a criminal offense, and the defendant dies before collection of such fine, or any part thereof, and before the same has been levied upon property of the defendant, such fine can not be collected from his estate after his death.
2. In such case, where the costs of a criminal prosecution resulting in such conviction of the defendant are adjudged against him, but not collected during his life, and not levied upon his real or personal property, the same are collectible against his estate after his death.

*Charles E. Ballard,* Prosecuting Attorney, cited the following authorities for plaintiff: Insurance Company v. Bank, 173 Fed. Rep., 390; Walsh, Lessee, v. Rainer, 2 Ohio, 327; United States v. Mitchell, 163 Fed., 1014; United States v. Dunne, 173 Fed., page 255; United States v. Pomeroy, 182 Fed., 279; United States v. N. Y. C. R. R., 164 Fed., 324; State v. Fisher, 15 Pac. Rep., —; 66 Pac. Rep., —.

*Keifer & Keifer* and *Stafford & Arthur,* for defendant, cited the following authorities: Musser v. Steward, 21 Ohio State, 356; Turner v. Wilson, 49 Ind., 584; Vol. 8, Encyl. of Law, 2 Ed., 997; State v. Mase, 5 Md., 337; In re Moore, 6 Am. Bank Rep., 590; Collier on Bankruptcy, page 120; Loveland on Bankruptcy, page 835; Boyd v. State, 108 Pa., 431; United States v. Pomeroy, 152 Fed. Rep., 279; United States v. Mitchell, 163 Fed., 1014; United States v. Dunne, 173

*Affirmed by the Court of Appeals without opinion.

Fed., 255; O'Sullivan y. People, 144 Ill., 64; Harrington v. State, 53 Ga., 552; Hicks v. McGovern, 144 Mo. App., 544; State v. Fisher, Administrator, 15 Pa., 66; State v. Elwann, 33 Pa., 548; Massey's Heirs v. Long et al, 2 Ohio, 287; Carney v. Reed, 5th Ohio, 221; G. C., 13723; Dyer v. United States, 186 Fed., 622; Hall v. Coleman, 75 S. E., 1132; State v. Perrin, 56 Mo., 62; State v. Woods, 56 Mo. App., 55; Marsh v. State, 5 Texas App., 450; Harbin v. State, 36 S. W. Rep., 82.

HAGAN, J.

This case was submitted to the court upon a demurrer of the defendant to the third amended petition of the plaintiff, which alleges two causes of action.

By the first cause of action the plaintiff, by Charles E. Ballard, prosecuting attorney of Clark county, Ohio, avers, in substance, the due issuance of letters of administration on the estate of Charles B. Fisher, theretofore deceased; the appointment of Horace C. Keifer, as administrator of said decedent, and his qualification and acceptance of said trust; that on the 6th day of May, 1910, the state of Ohio, for the use of Clark county, recovered a judgment against the said Charles B. Fisher in the juvenile division of the Probate Court of Clark County, Ohio, for the sum of $1,000, and the costs of prosecution amounting to $116.58; said judgment being rendered under Section 1654 of the General Code of Ohio; that the same has not since been vacated or reversed and no part of same has been paid, nor has any execution been issued thereon; that a copy of the judgment is as follows, to-wit:

"The court thereupon informed the defendant of the finding of the court that he is guilty, and asked the defendant whether he had anything to say why judgment should not be pronounced against him, and the defendant and his attorney having shown no sufficient cause why judgment should not be pronounced, it is is by this court ordered, adjudged and decreed that the defendant be imprisoned in the Xenia work house, at Xenia, Ohio, for the term of one year, and that he pay a fine of one thousand dollars, and the costs taxed herein, and it is further ordered that said defendant be committed to said Xenia work house

at Xenia, Ohio, until the fine and costs of the prosecution are either paid or until he be discharged therefrom by allowing a credit of $.60 per day on such fine and cost for each day of confinement in such work house or he be otherwise legally discharged, and it is ordered that a warrant issue to the probation officer of Clark county, to convey the said defendant to said Xenia work house at Xenia, Ohio, to which the defendant excepts.''

It is further alleged that the said Fisher was duly committed under said sentence, judgment and order of said probate court, to the Xenia work house, and was therein detained under said order of committment from July 16th, 1911, until the 19th day of July, 1911, when he died; that on the 19th day of December, 1912, no part of said fine and costs having been paid, said prosecuting attorney presented a claim for said costs, of $116.58, duly verified, to said administrator, against said estate for allowance, but that the said administrator refused to make such allowance and rejected said claim.

In the second cause of action, the state of Ohio repeats the allegations of the first cause in reference to the appointments of the defendant Horace C. Kiefer, as administrator of said estate, his qualification and acceptance of said trust, and the recovery of a judgment as aforesaid against the said Fisher, and the said Section 1654, and that the said judgment has not been vacated or reversed, or any part thereof paid; the allegation of the first cause of action is also repeated as to the committment of said Fisher to the Xenia work house, and his detention there until his death, as above stated.

It is further averred that the claim for said judgment of $1,000 was duly verified and presented to said Horace C. Kiefer, as administrator. for allowance by him, and the same was rejected by him, wherefore the plaintiff asks judgment for said sum of $1,116.58, being the amount of said judgment and costs, with interest.

A demurrer was interposed by the defendant to said petition, to each of said causes of action, and was argued by counsel upon various grounds, but the one ground finally relied upon by the defendant, was that a fine is not a debt, within the provision of

the administration act of Ohio, nor within the contemplation of the constitutional laws of this state; that a fine is the sentence of the court, imposed upon a person as a punishment, for which, under the statutes of this state, in default of payment thereof, the defendant may be committed to the work house, there to stand committed until said fine and costs be paid, allowing him credit at the rate of $.60 per day thereon; whereas a debt is defined to be an obligation founded upon a contract, express or implied, and unless the claim be a debt within the technical meaning of the term, it is not such as the statute authorizes the administrator to allow or pay.

It is said that a fine thus imposed in no sense arises upon contract, express or implied, and is not a liability created by the assent, either directly or indirectly, of the defendant, but is imposed without his acquiescence, and in this case the record shows he excepted to the judgment and sentence of the court.

The definition which designates a debt as one which arises upon contract, express or implied, is too broad for all purposes, as such a rule would exclude a debt arising upon tort, where judgment has been rendered for the same without the consent of the person against whom the judgment was obtained.

The question is, what is the status of a fine imposed as part of a sentence in a criminal prosecution, as regards whether it is a debt which may be enforced against the estate of the defendant after his death? The question is not settled in Ohio, and decisions of courts without the state are not numerous, but there are a number of adjudications on this subject by respectable authorities.

In the case of *United States* v. *Pomeroy*, in the circuit court for the southern district of New York, reported in 152 Federal Reporter, 279, decided by Judge Holt in 1907, the question was made. The accused was convicted, in the court below, of giving rebates in violation of the Interstate Commerce act and its amendments, and sentenced to pay a fine, but died after judgment and before the fine was paid.

Judge Holt held that the fine was not a claim enforcible against the personal representatives of the defendant. He said, on page 282:

"In my opinion the fundamental principle applicable to this case, is that the objects of criminal punishment is to punish the criminal, and not to punish his family. When A recovers a judgment against B for a tort, the recovery is undoubtedly based on the defendant's misconduct; and the fundamental principle upon which the action is maintained is the idea of compensating the injured party; but, when a court imposes a fine for the commission of a crime, there is no idea of compensation involved. In this case the defendant was fined $6,000. That money was not awarded as compensation to the United States. No harm had been done to the United States. It was imposed as a punishment of the defendant for his offense. If, while he lived, it had been collected, he would have been punished by the deprivation of that amount from his estate; but, upon his death, there is no justice in punishing his family for his offense. It may be said, of course, that there is very little difference between the loss which his family would have sustained if the money had been collected before his death, and the loss which it will now sustain if it collected from his estate. But if the money had been collected before his death, he would have been punished. If it is collected now, his family will be punished, and he will not be punished. In my opinion, therefore, this prosecution should be deemed ended and this judgment abated by the defendant's death."

The question again arose in the case of *The United States* v. *Mitchell,* in the circuit court of Oregon, in a case decided in 1908, reported in 163 Fed. Rep., page 1014, in which Judge Wolverton approves the foregoing decision of *United States* v. *Pomeroy,* and the reasoning upon which that case was based.

The case of *Dyar* v. *The United States,* reported in 186 Fed. Rep., page 614, was one where a fine for an offense had not been paid at the death of the person fined, but where he had made a deposit of a fund to secure such payment. Nevertheless the court held that the judgment abated with his death, and that not even such deposit could be availed of by way of collection of the same from his estate. Newman, J., rendered the decision, the case being in the circuit court of the United States for the eastern district of Louisiana, and he also approves the opinion of Judge Holt in the case of *United States* v. *Pomeroy.*

In the case of *Boyd* v. *State,* in the Criminal Court of Appeals of Oklahoma, decided in 1910, and reported in 108 Pac. Rep., page 431, the court said:

"In a criminal action the purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death and can not be enforced against his personal representative."

The question did not necessarily arise in that case which is present in this, as to the enforcement of a judgment, but the court, by *obiter,* approves the doctrine of the foregoing cases.

In the case of *State* v. *Ellvin,* in the Supreme Court of Kansas, reported in 33 Pac. Rep., at page 547, the court was reviewing the case below, where a conviction was had against Ellvin for the unlawful sale of intoxicating liquors, and where there had been a stay of execution of the judgment, but before the appeal was heard he died. The court held that the death of the defendant did not abate or destroy the judgment for costs, but that such death necessarily prevented a recovery of the fine imposed as a punishment, and the court further said:

"It has been determined that the costs adjudged against one convicted of crime do not constitute a part of the punishment inflicted upon him, and this although the judgment may provide that he be imprisoned in the county jail until such costs are paid. It was further held that an unconditional pardon would not relieve the party from liability for costs adjudged against him. Such a judgment is merely a means of enforcing the legal obligation resting upon the defendant to pay the costs which he, by his original wrongful act and his subsequent acts has caused to be made, and which have accrued in the prosecution subsequent to the act for which he is punished; and those costs have not accrued to the public merely, but have accrued to individuals, and are given to such individuals as compensation for their services performed in the prosecution. The costs, although incidental to the punishment inflicted, constitutes a separate civil liability in favor of the parties to whom they are due, and from which the estate of the defendant can not be relieved, except by a reversal of the judgment."

On the strength of the authorities cited above, and of others which have been adduced by the defendant, the court overrules the demurrer of the defendant to the first cause of action and sustains the demurrer of the defendant to the second cause of action. Neither party desiring to plead further, judgment will be entered in favor of the plaintiff on the first cause of action, and in favor of the defendant on the second cause of action.